IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| BASS PRO OUTDOOR WORLD, LLC, | § § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, national origin, and retaliation, and to provide appropriate relief to Black and Hispanic applicants and to employees who were adversely affected by such practices.  As alleged with greater particularity in paragraphs 8 – 17 below, Defendant has engaged in, and continues to engage in, unlawful discrimination by (1) engaging in a pattern or practice of unlawfully failing to hire Black and Hispanic applicants for positions in its retail stores nationwide; and (2) unlawfully retaliating against a class of employees who opposed actions by Defendant that those employees perceived to constitute unlawful employment discrimination.  Additionally, Defendant unlawfully destroyed records relevant to whether unlawful employment practices have been or are being committed, in violation of the applicable record-keeping regulations set forth in Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

**JURISDICTION AND VENUE**

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.The unlawful employment practices alleged in this complaint were committed in numerous locations across the United States, including within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  Venue is appropriate in this court.

**PARTIES**

3.Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and -6.

4.At all relevant times, Defendant Bass Pro Outdoor World, LLC, a Missouri limited liability company, has continuously been doing business in the State of Texas and the City of Katy, and has continuously had at least 15 employees.  Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

5.At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, a charge was filed with the Commission by Stuart J. Ishimaru, a member thereof, alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2005, Defendant has engaged in unlawful employment practices at its retail stores and facilities nationwide, in violation of Sections 703(a) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).

8. Defendant has engaged in a pattern or practice of unlawfully failing to hire qualified Black applicants for hourly and salaried positions at its retail stores nationwide. An illustrative example of this corporate practice occurred around summer 2006, when a recently hired Bass Pro Human Resources Manager interviewed a qualified Black applicant for a position at a Bass Pro store in Louisiana. An Assistant General Manager -- who had participated in that store's hiring decisions for years -- told the Human Resources Manager that the candidate "really doesn't fit our profile." When the Human Resources Manager asked for an explanation why the qualified Black applicant would not be hired, the Assistant General Manager replied "we don't hire niggers." Other examples of the pattern or practice of discrimination include, but are not limited to:

   a. In 2005, the Store General Manager of a Bass Pro store in the greater Houston area told the Human Resources Manager that "it was getting a little dark in here you need to hire some white people."

   b. Several times in late 2008, a department "Lead" in a Bass Pro store in Indiana was seen discarding employment applications after he decided that the name on the application "sounded like a 'nigger name.'" This Lead employee opined that "niggers steal and did not make good employees."

3

9. Defendant's discriminatory failure or refusal to hire qualified Black applicants constitutes an unlawful pattern or practice of discrimination, and/or unlawful discrimination against a class of Black applicants, in violation of Sections 706 and 707 of Title VII.

10. Defendant has engaged in a pattern or practice of unlawfully failing to hire Hispanic applicants for hourly and salaried positions at its retail stores nationwide. As an example, in addition to directing a Human Resources Manager to "hire some white people," the General Manager of a store in the greater Houston area would, on a daily basis, use the words "wetback," "Pedro," and "Mexican" to refer to people of Hispanic origin. At a store in Indiana, a Lead employee who screened applications stated that "Hispanics should be shot at the border by the border patrol." Defendant's discriminatory failure or refusal to hire qualified Hispanic applicants constitutes an unlawful pattern or practice of discrimination, and/or unlawfully discriminates against a class of Hispanic applicants, in violation of Sections 706 and 707 of Title VII.

11. The part-time and full-time retail store positions for which Defendant unlawfully failed to hire qualified Blacks and Hispanics include, but are not limited to, cash clerk, cashier, customer relations associate, customer service representative, greeter, loss prevention, receiving clerk, sales associate, stocking associate; and "lead," "team lead," and supervisory and managerial positions.

12. Defendant unlawfully retaliated against employees who opposed unlawful employment discrimination by Defendant including, but not limited to, the discrimination described in the foregoing paragraphs. Defendant retaliated against employees who opposed employment discrimination by altering the terms, conditions, or privileges of their employment; bringing false allegations against them; pressuring them to withdraw their complaints; subjecting them to heightened scrutiny; and firing them or inducing their resignations.

13. Like the evidence of hiring discrimination, evidence of unlawful retaliation permeates multiple stores in various states. For instance, a managerial employee at an Alabama store complained to a Regional Human Resources Manager that the store General Manager was discriminating against female employees. The store General Manager was informed about the complaint, and told his subordinate that she "better not complain about him again." Later, the managerial employee met with the store General Manager to voice her concerns about retaliation by the store General Manager. Shortly after the meeting had concluded, the employee was fired by the store Human Resources Manager, who advised that the General Manager had ordered her termination.

14. The effect of the practices complained of in paragraphs 8-13, above, has been to deprive Black and Hispanic applicants of equal employment opportunities and otherwise adversely affect their status as applicants because of their race and/or national origin, and to deprive employees of equal employment opportunities and otherwise adversely affect their status as employees because of their complaints or other activity protected by Title VII.

15. Additionally, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Records which Defendant unlawfully failed to retain include, but are not limited to, relevant employment applications and personnel files, tests administered to applicants, lists of job candidates, electronic messages and audio and documentary records of efforts to contact to the corporate complaint center (known as the "hotline").

16. The unlawful employment practices complained of in paragraphs 8-13 and 15 above were and are intentional.

17. The unlawful employment practices complained of in paragraphs 8-13 and 15 above were and are done with malice or with reckless indifference to the federally protected rights of Black and Hispanic employees and applicants, and to the federally protected rights of employees who engaged in activity protected by VII.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race and national origin in its hiring and from retaliating against employees who oppose these and other discriminatory practices, or otherwise engage in activity protected by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black and Hispanic applicants, and for employees who participate in activity protected by Title VII or who oppose practices made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole aggrieved Black and Hispanic applicants and employees, and victims of unlawful retaliation as described above, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of qualified Black and Hispanic applicants and, where appropriate, re-instatement.

D. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c),

relevant to the determination of whether unlawful employment practices have been or are being committed.

E.  Order Defendant to make whole aggrieved Black and Hispanic applicants and employees, and victims of unlawful retaliation as described above, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-13 and 15 above, including job search expenses, in amounts to be determined at trial.

F.  Order Defendant to make whole aggrieved Black and Hispanic applicants and employees, and victims of unlawful retaliation as described above, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-13 and 15 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Defendant to pay aggrieved Black and Hispanic applicants and employees, and victims of unlawful retaliation as described above, punitive damages for its malicious and reckless conduct described in paragraphs 8-13 and 15 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,


        P. David Lopez
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Equal Employment Opportunity
        Commission
        131 M Street, N.E.
        Washington, D.C. 20507


        _/s/_Timothy_M._Bowne_____
        Timothy M. Bowne
        Senior Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 00793371
        Southern Dist. of Texas No. 20023
        U.S. Equal Employment Opportunity
        Commission
        1919 Smith Street, 7th Floor
        Houston, Texas 77002
        (713) 209-3395
        (713) 209-3402  [facsimile]
        timothy.bowne@eeoc.gov


        Rudy Sustaita
        Senior Trial Attorney
        Texas Bar No. 19523560
        Southern Dist. of Texas No. 11850
        U.S. Equal Employment Opportunity
        Commission
        1919 Smith Street, 7th Floor
        Houston, Texas 77002
        (713) 209-3400
        (713) 209-3402  [facsimile]
        rudy.sustaita@eeoc.gov

                                              Gregory T. Juge
                                              Acting Supervisory Trial Attorney
                                              U.S. Equal Employment Opportunity Commission
                                              1555 Poydras Avenue, Suite 1900
                                              New Orleans, LA 70112

                                              Robert D. Rose
                                              Supervisory Trial Attorney
                                              U.S. Equal Employment Opportunity Commission
                                              33 Whitehall Street, 5th Floor
                                              New York, New York 10004

OF COUNSEL:

Jim Sacher
Regional Attorney
Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002