UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT § <br> OPPORTUNITY COMMISSION, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BASS PRO OUTDOOR WORLD, LLC, § <br> and TRACKER MARINE, LLC § <br> § <br> Defendants. § | Case No. 4:11-CV-3425 |

## MEMORANDUM AND ORDER

Plaintiff Equal Employment Opportunity Commission ("the EEOC" or "the Commission") has brought suit against Defendants Bass Pro Outdoor World, LLC, and Tracker Marine, LLC, for violations of Title VII of the Civil Rights Act of 1964.  Before the Court is the Commission's Motion for Partial Summary Judgment.[1]  (Doc. No. 137.)  The EEOC asks this Court to grant it partial summary judgment on the grounds that it has satisfied its duty to engage in conciliation, not on the basis of how it conducted conciliation, but on the theory that "[w]hether the EEOC attempted conciliation is judicially reviewable, but how the EEOC conducted conciliation is not."  (Doc. No. 137 at 7.)  Thus, while this motion comes before the Court in the form of a motion for summary judgment, the motion is less about the absence of a genuine dispute as to any material fact, but rather about an issue of law.  For the reasons set forth below, this Court joins the others to consider the issue and holds that the mere fact of

---

[1] The Court will resolve Defendants' related Motion for Summary Judgment (Doc. No. 119), urging dismissal for failure to attempt conciliation in good faith, and the EEOC's Motion to Amend the Complaint (Doc. No. 135) in a future Memorandum & Order.  A hearing on those motions was scheduled for Oct. 8, 2013 but has been continued pending the resolution of the current government shutdown.

1

conciliation is fair game for judicial review. Consequently, the EEOC's motion for partial summary judgment is **DENIED**.

## I.     STANDARD OF REVIEW

To grant summary judgment, the Court must find that the pleadings and evidence show that no genuine issue of material fact exists, and therefore the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment must demonstrate the absence of any genuine issue of material fact; however, the party need not negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1997). If the moving party meets this burden, the nonmoving party must then go beyond the pleadings to find specific facts showing there is a genuine issue for trial. *Id.* "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted). Where "the disputed issue in this case is purely legal, it [is] appropriately resolved through summary judgment." *Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir. 1995).

## II.    STATUTORY FRAMEWORK

Title VII makes it unlawful for employers "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Congress has empowered the EEOC to prevent employers from engaging in such practices. *See* 42 U.S.C. § 2000e-5. At first, Congress devised a scheme through which the EEOC would seek to "settle disputes through conference, conciliation, and persuasion," and if the EEOC failed, then the individual(s) alleging

discrimination had the option to file a lawsuit in federal court. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974). Congress amended the Act in 1972, however, to afford the EEOC an additional tool: the ability to file suit on behalf of the aggrieved individual(s). *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 368 (1977). Still, Congress's intent in expanding the EEOC's authority was not to discourage the more informal and more cooperative measures with which it had initially tasked the Commission. *See id.* The EEOC was to continue, "settling disputes, if possible, in an informal, noncoercive fashion." *Id.*

Indeed, to this day, conciliation remains "'the preferred means of achieving the objectives of Title VII.'" *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 468 (5th Cir. 2009) (quoting *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 609 (9th Cir. 1982)). Consequently, Title VII still provides that, after the EEOC has investigated a charge of discrimination and determined that "there is reasonable cause to believe that the charge is true," the Commission "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). The EEOC can file suit only after it has engaged in this "most essential function[]." *Equal Employment Opportunity Comm'n v. Pet, Inc., Funsten Nut Div.*, 612 F.2d 1001, 1002 (5th Cir. 1980).

This is not to suggest that the Act imposes rigid strictures upon the course and outcome of conciliation. Rather, a conciliation agreement need only be "acceptable to the Commission." 42 U.S.C. § 2000e-5(f)(1). The Fifth Circuit has explained that "[i]n evaluating whether the EEOC has adequately fulfilled this statutory requirement, the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances." *Equal Employment Opportunity Comm'n v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981) (citing *Marshall v. Sun Oil Company (Delaware)*, 605 F.2d 1331, 1335-36 (5th Cir. 1979)).

Even more specifically, the court of appeals has delineated a three-part test for whether the EEOC has satisfactorily attempted conciliation. The EEOC must "(1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." *Agro*, 555 F.3d at 468 (citing *Klingler*, 636 F.2d at 107).[2]

The Fifth Circuit has also explained that "the EEOC's conciliation requirement is a precondition to suit but not a jurisdictional prerequisite." *Agro*, 555 F.3d at 469. In so explaining, the court of appeals went out of its way to note that "[h]olding that conciliation is not jurisdictional does not render this requirement meaningless. Courts remain free to impose a stay for the EEOC to continue prematurely terminated negotiations, and where the EEOC fails to act in good faith, dismissal remains an appropriate sanction." *Id.* at 469 (citing *Klingler*, 636 F.2d at 107).

## III. ANALYSIS

### A.

With the aforementioned statutory backdrop in mind, it is simply not open to the Court to hold unreviewable whether the Commission has satisfied its duty to attempt conciliation. Not only do the EEOC's arguments fail on their own terms, as explained briefly *infra*, Fifth Circuit precedent squarely forecloses such a holding. The Fifth Circuit has expressly delineated a standard for evaluating conciliation efforts. *Klingler*, 636 F.2d at 107. Further, it has explicitly

---

[2] Other courts have characterized the Fifth Circuit's three-part test, also employed by the Second and Eleventh Circuits, as "a more strenuous review of the conciliation process." *See E.E.O.C. v. Mach Min., LLC,* 11-CV-879-JPG-PMF, 2013 WL 319337, at *2 (S.D. Ill. Jan. 28, 2013) (citing *EEOC v. Asplundh Tree Expert Co.,* 340 F.3d 1256 (11th Cir. 2003)), *reconsideration denied, motion to certify appeal granted,* 11-CV-879-JPG-PMF, 2013 WL 2177770 (S.D. Ill. May 20, 2013); *see also EEOC v. Johnson & Higgins, Inc.,* 91 F.3d 1529, 1534 (2d Cir. 1996); *Klingler,* 636 F.2d at 107. In contrast, the Fourth, Sixth, and Tenth Circuits have all adopted a more deferential standard that makes only a surface-level inquiry into whether the EEOC has attempted conciliation at all. *See, e.g.*, *EEOC v. Keco Indus., Inc.,* 748 F.2d 1097, 1102 (6th Cir. 1984); *EEOC v. Radiator Specialty Co.,* 610 F.2d 178, 183 (4th Cir.1979); *EEOC v. Zia Co.,* 582 F.2d 527, 533 (10th Cir. 1978).

instructed lower courts that they "remain free" to scrutinize the EEOC's conciliation attempts. *Agro*, 555 F.3d at 469. In *Agro*, neither party challenged whether the Fifth Circuit had subject matter jurisdiction over the appeal, but the court of appeals addressed it anyway, as is its duty. *See id.* at 467. The court's precise inquiry there was whether the EEOC's failure to attempt conciliation in good faith divested the court of jurisdiction, but if, as the EEOC now maintains, "subject matter jurisdiction to review the EEOC's conciliation efforts d[id] not exist" in the first place, (Doc. No. 137 at 7), surely the court would have said so.[3] As far as this Court is concerned, the Fifth Circuit has spoken on the matter; this Court is *not* free to adopt the EEOC's understanding of Title VII.

B.

Even if the Court *were* free to disregard Fifth Circuit precedent, the EEOC's arguments in support of its motion are unavailing. The EEOC argues that defendants lack standing under the APA, that there is no final agency action for this Court to review, and that the conciliation process is committed to agency discretion by law. It also contends that separation of powers principles and sovereign immunity prevent the Court from reviewing the EEOC's conciliation efforts. While the Circuit's case law renders it unnecessary to analyze these arguments, the Court addresses them briefly.

1. *Arguments Based on the APA*

The EEOC argues that Plaintiff lacks standing under the APA. But the APA does not govern this suit. The APA allows a private individual who believes that he has "suffer[ed] a

---

[3] The EEOC dismisses this section of *Agro* as dicta, on the grounds that the district court granted defendant summary judgment on the merits and that the Fifth Circuit affirmed on that basis. (*See* Doc. No. 137 at 11.) Even if that were so, the Court's reasoning remains persuasive and its statement that "dismissing the case and awarding attorneys' fees for the failure to conciliate would not have constituted an abuse of discretion," Agro, 555 F. 3d at 469, remains instructive. Surely, passing on an issue that is not judicially reviewable would have been an abuse of discretion.

legal wrong because of agency action" to bring "[a]n action in a court of the United States." 5 U.S.C. § 702. This action, in contrast, was brought by the agency. The fact that a federal agency is involved does not automatically trigger APA requirements. Here, where the EEOC sued under Title VII, the APA is simply not relevant, as has recently been held by the other two district courts to consider this argument. *See Equal Employment Opportunity Comm'n v. Swissport Fueling, Inc.*, 916 F. Supp. 2d 1005, 1036 (D. Ariz. 2013); *Mach Min.,* 2013 WL 319337, at *4 n.1.

Nevertheless, the EEOC argues that this case is controlled by *Newsome v. E.E.O.C.*, 301 F.3d 227 (5th Cir. 2002). In *Newsome*, a private plaintiff sued the EEOC, complaining that the Commission had improperly dismissed his complaint. *Id.* at 232. The Fifth Circuit thus held that there had been "no final agency action" and that "no review [was] available under the APA." *Id. Newsome* would be relevant if Defendants — or one of the individuals allegedly discriminated against — had filed a lawsuit against the EEOC alleging improper conciliation. That suit would likely be barred by provisions of the APA. But where, as here, defendants were brought into court by the EEOC and now challenge one of the preconditions to the EEOC filing suit, *Newsome* in particular, and the APA in general, are simply irrelevant.

It is thus unnecessary to analyze whether EEOC has standing under *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 886 (1990), and related cases, to contest agency action. It is not even necessary to run through the basic elements of standing — injury-in-fact, causation, and redressability — as Defendants have not sought to "initiate or continue proceedings in federal court." *Bond v. United States*, 131 S. Ct. 2355, 2361 (2011). Standing is not a relevant concept where, as here, Defendants simply seek to challenge a precondition to the EEOC's authority to file suit.

6

It is also unnecessary to consider whether there exists a final agency action or whether conciliation is committed to agency discretion by law. Those concepts are only relevant to suits brought under the APA, *see* 5 U.S.C. § 704; *id.* § 701(a)(2), not suits brought *by* the agency under another Act. Likewise, the Court cannot credit the EEOC's argument that "[b]ecause the requirements of the APA are not met here, the EEOC has sovereign immunity from the grant of any relief at the Defendants' behest regarding conciliation." (Doc. No. 137 at 18.) "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). The EEOC counters that, even where sovereign immunity from suit is not at issue, as it seems to concede is true here, the Government can nevertheless be immune from liability, citing for support *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 254-55 (5th Cir. 2005). As such, the EEOC contends that its sovereign immunity prevents this court from granting the relief — either dismissal or a stay as a consequence of insufficient conciliation attempts — that Defendants seek. That cannot be right. Not only does the EEOC misapprehend *Meyers*,[4] it misunderstands "relief." Asking the Court to decide whether a condition precedent to suit has been satisfied is not the sort of "relief," like monetary relief or injunctive relief, from which sovereigns can ordinarily claim immunity. *See, e.g.*, *Black's Law Dictionary* 1404 (9th ed. 2009) (defining relief as "[t]he redress or benefit, esp. equitable in nature (such as an injunction or specific performance), that a party asks of a court"). It would make little sense for Congress to impose certain conditions precedent on the EEOC's authority to bring suit if the EEOC could just turn around and claim sovereign immunity from judicial enforcement of that condition.

---

[4] In *Meyers*, the Fifth Circuit left open the possibility — but did not even decide — that a state defendant who removes a suit to federal court can still claim immunity from certain types of liability, such as money damages. *See Meyers*, 410 F.3d at 256 ("We do not determine and the state is not precluded from pursuing a claim that it is immune from liability under principles of Texas sovereign immunity law, separate and apart from its waiver of its immunity from suit in federal court in this case.").

2. *Separation of Powers*

The EEOC makes the somewhat related argument that separation of powers principles bar the Court from considering whether the conciliation requirement has been met. Lest the Courts be given "tasks that are more properly accomplished by [other] branches," *Morrison v. Olson*, 487 U.S. 654, 680-81 (1988), the EEOC argues that its conciliation-related decisions should not be second-guessed. Perhaps that is so, and why courts do not wade into whether the EEOC should accept or reject specific conciliation offers. But given that Congress wrote conciliation into the Act as a precondition to an EEOC suit, it is not a reason for the courts to get out of the business of enforcing the statute as written. *See E.E.O.C. v. Bloomberg L.P.*, 07 CIV. 8383 LAP, 2013 WL 4799150, at *7 (S.D.N.Y. Sept. 9, 2013) ("Congress has afforded the EEOC a number of tools under Title VII to address different types of discrimination; it has also imposed limits on its enforcement authority. Just as Congress has charged the EEOC with helping ensure that employers do not single out employees on account of certain characteristics, this Court is charged with ensuring that any actions brought before it by the EEOC are within the parameters of the law as set forth by Congress, regardless of how well-intentioned the EEOC's purpose.").

In support of its unusual argument, the EEOC has not cited any case in which a statutorily prescribed precondition to suit was found unreviewable. Instead, it relies on the legislative history to Title VII's 1972 amendment. But the EEOC misapprehends that legislative history. The Equal Employment Opportunities Enforcement Act of 1971 originally would have written 42 U.S.C. Section 2000e-2(f) as stating that the Commission could bring suit if it was unable to "secure from the respondent a conciliation agreement acceptable to the Commission, *which determination shall not be reviewable in any court*." 118 Cong. Rec. S3373 (daily ed.

Feb. 9, 1972) (emphasis added) (citing S. 2515. 92nd Cong. (1972)). The EEOC relies on statements made during the debate of an amendment which would have struck the italicized language above. In opposition to that amendment — in support of leaving the italicized language — Senator Javits opined that "a *pendente lite* decision on that score would simply hold up the works forever and espouse the proposition that people can be made to settle, which just is not a judicial proposition." 118 Cong. Rec. S3807 (daily ed. Feb. 14, 1972). That passage does little to help the EEOC. As the EEOC rightly notes, Senator Javits's statement concerned "whether the EEOC was able to secure an acceptable settlement." (Doc. No. 137 at 19.) Senator Javits did not want a court second guessing whether the EEOC should have accepted, or rejected, a certain settlement offer.[5] He was *not* contesting the proposition that Courts should be able to review, in at least some depth, whether the EEOC had even attempted to conciliate. Indeed, some of Senator Javits's statements seem to confirm that he believed that whether the EEOC had engaged in the process at all *would* be reviewable. *See, e.g.*, 118 Cong. Rec. S3806 ("If the Commission acts and the statute calls for a determination, the Commission runs the risk that its decision may be upset if the court determines, on review — and there is adequate judicial review — that the necessary procedures provided by law were not complied with . . .") Finally, it bears mentioning that, as is plain for all to see, the language that Senator Javits wanted left in the bill was ultimately taken out. Though the amendment failed on the day Javits made the statements above, it ultimately succeeded. The EEOC thus essentially uses the *minority* opinion in Congress — on an issue not even identical to the one in dispute here — to support the argument it urges this Court to adopt. The Court is not convinced.

---

[5] His other statements confirm this. *See, e.g*, 118 Cong. Rec. S3807 ("[I]t seems to me inconceivable that we would enter into a court proceeding [to] test, whether the Commission could or could not get a conciliation agreement, in terms of the fairness of such a conciliation agreement, which gets down to the point that we would substitute the court for the parties insofar as a settlement is concerned.").

## IV.  CONCLUSION

Whereas the reviewability of conciliation attempts led to few judicial opinions prior to this year, it seems that the EEOC has recently begun to advance the argument with more regularity.  *See Swissport Fueling, Inc.*, 916 F. Supp. 2d at 1036; *Mach Min.*, 2013 WL 319337.  The Court cannot agree with it.  Congress has determined that "'voluntary compliance' [should] be 'the preferred means of achieving the objectives of Title VII.'"  *Ricci v. DeStefano*, 557 U.S. 557, 581 (2009) (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 515 (1986)).  And Congress has tasked the courts with ensuring that its directive is heeded.  Thus, mindful of both the text and purpose of the statute, and in light of the relevant Fifth Circuit case law, this Court **DENIES** the EEOC's Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of October, 2013.

_____
**KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE**