UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3425 |
| | § | |
| BASS PRO OUTDOOR WORLD, LLC, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Defendants in this case have filed a Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b). (Doc. No. 185.) In its July 30, 2014 order (Doc. No. 183), the Court granted the Equal Employment Opportunity Commission's Motion for Application of the *Franks / Teamsters* Model to the Section 706 Class Hiring Claim (Doc. No. 172) and denied Bass Pro's Renewed Motion for Summary Judgment (Doc. No. 160). Recognizing that both motions presented close questions of law, the Court also invited Defendants — who lost on both issues — to seek interlocutory appeal. The instant motion followed. After considering the parties' written submissions, the arguments presented at the October 27 hearing, and the applicable law, the Court concludes that interlocutory appeal is appropriate. Defendants' motion is therefore **GRANTED** as to both questions.

I.  BACKGROUND

More detailed accounts of the relevant background to this procedurally complex employment discrimination case were set forth in the Court's most recent orders. (Doc. Nos. 151, 184.) To re-summarize, the Equal Employment Opportunity Commission (EEOC) issued a Commissioner's Charge on February 20, 2007, alleging that Bass Pro discriminated against

1

African American applicants and employees on the basis of their race in retail stores and facilities nationwide. (Doc. No. 119-4 at 2.) EEOC investigated the charge from 2007 to 2010, including three meetings with Bass Pro and the production of over 230,000 pages of documents. (Doc. No. 119-6 at 3).

The Commission issued its Letter of Determination on April 29, 2010, indicating that the EEOC believed that the evidence supported the allegations made in the initial Charge and a later Amended Charge. (Doc. No. 119-11 at 2). The EEOC contacted Bass Pro on May 5, 2010 to begin the conciliation process. (Doc. No. 119-14.) During the months of conciliation, Bass Pro repeatedly asked for more and more information about the Commission's allegations, and the Commission consistently refused to provide all that the employer was seeking.

After the EEOC declared that conciliation had failed, this suit was filed on September 21, 2011, pursuant to the EEOC's authority to bring discrimination claims under § 706 and § 707 of Title VII. (Doc. No. 1). The Commission filed an Amended Complaint in January 2012, adding two related legal entities as defendants. (Doc. No. 23.) Defendants moved to dismiss, and this Court granted in part and denied in part the Motion to Dismiss. (Doc. No. 53 at 9.) It is that order that is the subject of the Commission's Motion to Reconsider, Doc. No. 172, discussed in more detail below.

After two more amendments to the complaint and another motion to dismiss, both parties filed motions for summary judgment. Arguing that the EEOC had abdicated its responsibility to conciliate in good faith, Defendants asked the Court to dismiss the lawsuit (Doc. No. 119). Contending that the sufficiency of its endeavors to conciliate is not subject to judicial review, the EEOC essentially asked that the Court not consider Bass Pro's Motion. (Doc. No. 137.) The Court ultimately denied both requests, though it ordered a thirty-day stay for additional

conciliation of the EEOC's § 706 claims. *See EEOC v. Bass Pro Outdoor World, LLC*, No. 4:11-CV-3425, 2013 WL 5515345 (S.D. Tex. Oct. 2, 2013) (Doc. No. 149); *EEOC v. Bass Pro Outdoor World, LLC*, — F. Supp. 2d. —, No. 4:11-CV-3425, 2014 WL 838477 (S.D. Tex. Mar. 4, 2014) (Doc. No. 151).

Further attempts at conciliation were unsuccessful, prompting Defendants to file a Renewed Motion for Summary Judgment (Doc. No. 160). The Commission, for its part, filed a Fourth Amended Complaint and filed the instant Motion for Application of the *Franks / Teamsters* Model to the Section 706 Class Hiring Claim (Doc. No. 172) (the "Motion for Reconsideration"). The Commission's motion asked the Court to reconsider its earlier holding that the EEOC could not pursue its § 706 claims using the model of proof described in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977).

In a July 30, 2014, order, this Court denied Defendants' Renewed Motion for Summary Judgment and granted the Commission's Motion for Reconsideration. However, recognizing that the questions were "close," the Court indicated that it would look favorably upon a motion for interlocutory appeal on both orders. Bass Pro then filed the instant Motion for Interlocutory Appeal. (Doc. No. 183).

## II. LEGAL STANDARD

As a general rule, "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); see also *Henry v. Lake Charles American Press, LLC*, 566 F.3d 164, 171 (5th Cir. 2009) (noting that "as a general rule, parties must litigate all issues in the trial court before appealing any one issue"). However, 28 U.S.C. § 1292(b) allows a district court judge to certify an order for interlocutory appeal if three conditions are met: the order 1) "involves a controlling question

of law" 2) "as to which there is substantial ground for difference of opinion," and 3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." A district court judge certifying an order for interlocutory appeal must articulate, in writing, why the order satisfies each of these criteria. *See Linton v. Shell Oil Co.*, 563 F.3d 556 (5th Cir. 2009).

## III. ANALYSIS

### A. Motion for Reconsideration

Bass Pro first asks for interlocutory appeal of this Court's order that the EEOC may proceed on its § 706 claims using the *Teamsters* model of representative proof. As outlined in greater detail in the order, the *Teamsters* model is typically used in both § 706 claims brought in class actions certified under Rule 23, *see Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747 (1976), and in pattern-or-practice claims brought by the EEOC under § 707, *see Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977). Initially, this Court ruled that EEOC could not use *Teamsters* framework to prove § 706 claims on behalf of individuals not certified as part of a class action. *See E.E.O.C. v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 520 (S.D. Tex. 2012). The EEOC's motion for reconsideration asked this Court to revisit this decision. And in its July 30 order, the Court changed its position and agreed with the EEOC that the *Teamsters* model was appropriate in a case in which the EEOC was litigating § 706 claims on behalf of a large number of individual employees. *See E.E.O.C. v. Bass Pro Outdoor World, LLC*, — F. Supp. 2d —, No. 4:11-cv-3425, 2014 WL 3795579, at *20 (S.D. Tex. July 30, 2014).

At the time of the July 30 order, as now, the Court believed that the question was a close one. While the only court of appeals to rule on the issue is in accord with the Court's ruling, *see Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012), the decision implicates important

4

concerns about the Seventh Amendment and the interplay of various sections of Title VII. Reacting to those concerns, at least one district court outside the Sixth Circuit has ruled the other way in an analogous case. *See E.E.O.C. v. JBS USA, LLC*, No. 10-cv-02103-PAB-KLM, 2011 WL 3471080 (D. Colo. Aug. 8, 2011). The Fifth Circuit has yet to address the legal question answered in this order.[1] And in general, opportunities for courts of appeals to address this question are rare. Settlement pressures typically end large-scale employment discrimination cases before the entry of an appealable final judgment. Whether there is a substantial grounds for a difference of opinion depends on the context of the specific question and the specific case. 16 Wright, Miller & Cooper, Fed. Practice & Proc. Juris. 3d § 3930. Under all of the circumstances here, including the scarcity of opportunities for courts of appeals to consider this question, this Court believes that there is "substantial ground for difference of opinion" regarding its order on the Motion for Reconsideration.

Furthermore, the order raises a "controlling question of law" suitable for interlocutory appeal. It is clearly a pure question of law: deciding whether the EEOC may use a *Teamsters* model of proof will not require the appellate court to review the factual record or to make factual findings. It is also sufficiently important to the case to be "controlling." A controlling question of law need not necessarily terminate an action. *Klinghoffer v. S.N.C. Achille Lauro Ed Altri– Gestione Motonave Achille Lauro in Amministrazione Straordinaria,* 921 F.2d 21, 24 (2d Cir. 1990). In practice, courts have found questions to be controlling if they impact "the future course of the litigation." *See Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir. 1991). In that respect, this requirement shades into the final requirement that the appeal "materially advance the

---

[1] However, another district court within the circuit has considered the question and reached the same result as this court. *See David v. Signal Int'l, LLC*, — F. Supp. 2d. —, No. Civ. A. 08-1220, 2013 WL 8600729 (E.D. La. Dec. 4, 2013)

ultimate termination of the litigation."

Here, an immediate appeal would certainly advance the termination of the litigation if this Court's original ruling is reversed on appeal. Without an interlocutory appeal, if the Fifth Circuit holds after trial that this Court was incorrect in its ruling, the parties will be forced to go back to square one and retry each individual case in accordance with the *McDonnell Douglas* manner of proof. *See* Mot. for Interlocutory App. Tr. 36, Oct. 27, 2014. By allowing an appeal on the model of proof question now, the Fifth Circuit can spare the parties the possibility of a second round of trials on the question of Bass Pro's liability for individual acts of discrimination, many more years after the employment decisions at issue actually transpired.

The EEOC is confident that a second round of individual trials is unlikely because, since 1991, pattern-or-practice cases typically settle after motions practice. *See* Mot. for Interlocutory App. Tr. 37. That very settlement pressure is likely one of the reasons that only one court of appeals has been confronted with this exact question. But the Court will not refuse to certify an appeal simply because the agency believes the present favorable ruling will bring Bass Pro to the negotiating table. The Fifth Circuit has recognized that decisions allowing plaintiffs to use representative proof to obtain relief on behalf of large numbers of individuals can bring about settlement pressures amounting to "judicial blackmail." *Castano v. American Tobacco Company*, 84 F.3d 734, 746 (5th Cir. 1996). While representative proof is appropriate in some situations — and this Court believes it is appropriate here — relying on the possibility of settlement to deny access to an interlocutory appeal would be deeply unfair to Defendants.

Because the question is close and because an immediate appeal will give the Court and the parties needed certainty as to how the case should proceed to trial, the Court will grant Defendants' motion for interlocutory appeal of the Motion to Reconsider order.

## B. Motion for Partial Summary Judgment

Bass Pro next asks for interlocutory appeal of this Court's denial of summary judgment to Defendants on the EEOC's § 706 claims. A prerequisite to filing a § 706 claim is that EEOC must conduct an "investigation" and "conciliation" of the claims. *See* 42 U.S.C. § 2000e-5(b) (§ 706(b) of Title VII). In its motion for partial summary judgment, Bass Pro contended that no investigation occurred because the EEOC never identified the names of the alleged victims of discrimination and did not provide Bass Pro with enough information to allow the company to identify those individuals. In the July 30 order, the Court held that the EEOC met the statutory requirements of investigation even if it never identified any alleged victims by name during the investigation phase, and denied summary judgment to Bass Pro.

The Court's July 30 ruling assumed, based on the evidence in the record at that time, that no individual names were identified by the EEOC during the investigation and that no individual names were disclosed to Bass Pro. At a hearing on this motion for interlocutory appeal, an EEOC lawyer stated that the EEOC during its pre-suit investigation and conciliation *did* have the names of approximately 100 alleged victims of discrimination. Mot. for Interlocutory App. Tr. 46:11-47:4 (stating that "the EEOC had specific people … who were not identified to Bass Pro by name but whose name [sic] the EEOC did know"). This directly contradicts prior statements by another EEOC lawyer at an earlier hearing. *See* Nov. 19, 2013 Hr'g Tr. 40:13-19, 56:16-18 (stating that "What we identified was a thousand shortfalls… They're not specific people … So it's not that we were trying to hid information from the defendants. We don't have [the names of individuals] either.").

This Court believes that the summary judgment declaration submitted by EEOC's own employee supports the earlier lawyer's statement that no individuals were identified or

investigated in the investigation period. Deputy District Director Martin Ebel stated in his declaration that EEOC investigated "the existence of class-wide discrimination" for the purposes of § 706 and § 707 claims, and the investigation focused on "the factual issue of whether hiring discrimination was occurring *on a class-wide basis*." Ebel Decl., Doc. 177-1 at 2 (emphasis added). Mr. Ebel nowhere testifies that the EEOC investigated any individuals who were allegedly affected by this policy.[2] Therefore, this Court believes there is no factual dispute to impede an interlocutory appeal on the question of whether the EEOC had to identify by name one or more aggrieved individuals in order to satisfy the statutory requirements of investigation and conciliation.

The July 30 summary judgment order was inarguably "controlling": if the Court had held otherwise, the Commission's failure to investigate or conciliate the claims would be the basis for summary judgment for Bass Pro on the § 706 claims. An interlocutory appeal would also materially advance the termination of the litigation. If this Court's order is reversed on appeal, the § 706 claims will be dismissed. Accordingly, there will be no need for expensive and time-consuming discovery and trial on individuals' compensatory and punitive damages, which are only available for § 706 claims, not § 707 claims.

There is also a "substantial ground for disagreement" on this issue. District courts have divided on whether to allow the EEOC to proceed on § 706 claims on behalf of a large and dispersed group when no individual applicants or employees have been specifically identified during the investigation. *Compare EEOC v. PMT Corp.*, Civ. No. 14-599 DSD/TNL, — F. Supp. 2d —, 2014 WL 4231401, at *3 (D. Minn. Aug. 27, 2014) *with E.E.O.C. v. Bloomberg L.P.*, 967

---

[2] The declaration of Stephen Damiani, the EEOC investigator, adds nothing to the record of what the EEOC knew in the investigation phase, as it only addresses what happened in the conciliation phase. *See* Damiani Decl., Doc. 136-3.

F. Supp. 2d 802, 814 (S.D.N.Y. 2013) *and EEOC v. CRST Van Expedited, Inc.*, No. 07-CV-95-LRR, 2009 WL 2524402, at *16 (N.D. Iowa Aug. 13, 2009), *aff'd E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012). No court of appeals has yet squarely confronted the question, making it a "novel … question of first impression" ripe for interlocutory appeal. *See Tesco Corp. v. Weatherford Intern., Inc.*, 722 F. Supp. 2d 755, 767 (S.D. Tex. 2010). Again, the Court is mindful that the settlement pressures involved in large-scale employment discrimination cases make it relatively unlikely that this question will reach a court of appeals *absent* an interlocutory appeal.

In an effort to persuade the Court that there is no ground for disagreement on this issue, the EEOC filed a chart describing 50 cases that it claims supports the Court's original ruling that the Commission need not identify some or all individual victims during the investigation phase. (Doc. No. 193.) Many of the cases identified by the EEOC as supporting its position predate the Civil Rights Act of 1991, which added compensatory and punitive damages to the remedies already available under § 706. Other cases were brought under the Age Discrimination in Employment Act (ADEA), which does not provide for legal remedies. Bass Pro contends that the addition of compensatory and punitive damages makes the identities of individual victims of the alleged discrimination more important. Most significantly, the magnitude of Defendants' potential liability now turns on individuals' emotional distress and other compensable harms. Even though the EEOC need not identify *all* potential § 706 victims in the initial stages of the case, Bass Pro argues that identifying at least some potential victims — or defining the class narrowly enough that the employer could identify specific individuals in the class — is necessary to put the employer on notice of its potential liability. While the Court ultimately concludes that individualized investigations are not necessary for the EEOC to satisfy its statutory obligation

under § 706, it is persuaded that it is appropriate to discount the pre-1991 and ADEA cases cited by the Commission for purposes of determining whether there is "substantial ground for disagreement."

As all of the statutory criteria are met and an interlocutory appeal will avoid costly discovery and potentially unnecessary trial proceedings, the Court will also allow interlocutory appeal of the summary judgment order. Defendants' Motion to Certify Interlocutory Appeal is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 17th day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE