United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:11-CV-3425 |
| BASS PRO OUTDOOR WORLD, LLC, *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is the EEOC's Motion for Ruling that Post-LOD Applicants are eligible as § 706 Class Members (Doc. No. 283). After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be denied.

### I. BACKGROUND

This is an EEOC enforcement action alleging a pattern or practice of race discrimination in Bass Pro stores nationwide. The EEOC brings claims under Sections 706 and 707 of Title VII. (Doc. No. 171 ¶ 1.)

On March 4, 2014, this Court issued several rulings regarding whether the EEOC had satisfied Title VII's administrative requirements. *EEOC v. Bass Pro Outdoor World, LLC (Bass Pro I)*, 1 F. Supp. 3d 647 (S.D. Tex. 2014). First, the Court ruled that it must undertake distinct analyses of the EEOC's § 706 and §707 claims on the issue of conciliation. *Id.* at 654-56. Second, the Court held that the EEOC had satisfied Title VII's conciliation requirements with regard to its § 707 claim. *Id.* at 656-60. Third, the Court held that the EEOC had not satisfied Title VII's conciliation requirements with regard to its § 706 claim. *Id.* at 660-67. The Court

1

ordered a stay as the remedy for the EEOC's failure to conciliate fully. *Id.* at 667-71. Fourth, the Court dismissed from the case all individuals who had not yet applied to work for Bass Pro by April 26, 2010, the date on which the EEOC issued its Letter of Determination (hereinafter "Post-LOD Applicants"). *Id.* at 671-72. The Court reasoned that the EEOC could not possibly have conciliated the claims of these individuals, since they had not yet applied to work for Bass Pro at the time the conciliation took place. *Id.* It is this fourth ruling that the EEOC contests in its present Motion.

On July 30, 2014, this Court ruled that the EEOC may prove its § 706 claims using the framework established in *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747 (1976) and *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977). *EEOC v. Bass Pro Outdoor World, LLC (Bass Pro II)*, 35 F. Supp. 3d 836 (S.D. Tex. 2014) This ruling represented a reversal of course from an earlier Memorandum and Order (Doc. No. 53). The Court further held that the EEOC had satisfied Title VII's administrative prerequisites (including investigation and conciliation) with regard to its § 706 claims even for individuals not specifically identified during the investigation. *Bass Pro II* at 859-65. *Bass Pro II* was silent on the issue of Post-LOD Applicants. On June 17, 2016, the Fifth Circuit affirmed both that the *Franks/Teamsters* framework may be applied in § 706 cases and that the EEOC may engage in the investigation and conciliation process without naming specific victims. *EEOC v. Bass Pro Outdoor World, LLC (Bass Pro III)*, 826 F.3d 791 (5th Cir. 2016).

## II. ANALYSIS

The EEOC argues that, in light of the Court's rulings in its July 30, 2014 Order (*Bass Pro II*), as well as the Fifth Circuit's affirmation of the same (*Bass Pro III*), the Post-LOD Applicants must be restored to eligibility in the § 706 class. The Commission argues that this Court's

dismissal of the Post-LOD Applicants is fundamentally tied to two rulings that were subsequently overturned: that the § 706 and §707 claims must be analyzed separately on the issue of conciliation, and that the *Franks/Teamsters* model could not be applied to § 706 claims. (Doc. No. 283 at 5.) However, in dismissing the Post-LOD Applicants, *Bass Pro I* makes no reference to either of those arguments. *See Bass Pro I* at 671-72. Instead, the Court focused on the proper sequencing of EEOC enforcement under Title VII. *Id.* The Court noted that, because the Post-LOD Applicants by definition applied after the investigation was completed, "the Commission could not possibly have learned about these individuals during its investigation and could not possibly have conciliated their claims." *Id.* at 672. Therefore, the Court's reversal of course in *Bass Pro II* and *Bass Pro III* on the issues of separate conciliation analysis and the *Franks/Teamsters* model had no effect on the dismissal of the Post-LOD Applicants. Those applicants remain ineligible for the § 706 class for the reasons articulated in *Bass Pro I.*

### III. CONCLUSION

For the reasons set forth above, the EEOC's Motion for Ruling that Post-LOD Applicants are Eligible as § 706 Class Members is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 3rd day of January, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3