United States District Court
Southern District of Texas
**ENTERED**
July 25, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**



| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:11-cv-3425 |
| BASS PRO OUTDOOR WORLD, LLC and TRACKER MARINE RETAIL, LLC | § § § § | |
| Defendants. | § § | |

## CONSENT DECREE

1.    The parties to this Consent Decree ("Decree") are Plaintiff Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States Government, and Defendants Bass Pro Outdoor World, LLC and Tracker Marine Retail, LLC (collectively, Defendants or "Bass Pro" or "Company"). This Decree is the product of collaboration between the EEOC and Bass Pro to strengthen Bass Pro's diversity efforts and reach a negotiated resolution of outstanding claims.

2.    On September 21, 2011, the EEOC filed a lawsuit against Defendant Bass Pro Outdoor World, LLC.  Tracker Marine Retail, LLC, was named as a defendant in the Fourth Amended Complaint, which is the operative petition. The Fourth Amended Complaint, filed on July 13, 2014, alleges that Defendants (collectively, "Defendants" or "Bass Pro") discriminated in hiring  at its retail stores against a class of African-Americans and Hispanics because of their race and/or national origin, in violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-2(a)(1), alleges that Defendants  failed to preserve certain records, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and alleges certain retaliatory conduct in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

3.     Bass Pro has denied the EEOC's allegations in their entirety and maintains that it did not engage in any unlawful action based on race or national origin, denies that it failed to preserve any records required under Title VII, and otherwise denies engaging in any retaliatory conduct.

4.     As part of this compromise of disputed claims, Plaintiff EEOC also has filed a motion to amend the Fourth Amended Complaint, by a separate motion filed concurrently with this Decree.

5.     This Decree is a compromise of disputed claims, entered into to avoid further disruption, costs, delay, and expense of protracted litigation, and any payments or undertakings made hereunder are not and should not be construed as an admission of liability on the part of Defendants, which is denied.

6.     Prior to approving and entering into this Decree, the Court has made no findings of fact or conclusions of law as to the merits of any of the matters at issue in this case or any defenses.

7.     The EEOC will not use the Charge relating to this lawsuit as the jurisdictional basis for filing any other lawsuit or lawsuits against Bass Pro, and this Decree is intended to be the complete resolution of such Charge and of this lawsuit.

8.     This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action.

## DEFINITIONS

9.     **Good Faith Efforts**: Good Faith Efforts means reasonably and in good faith implementing and adequately funding a plan reasonably designed to comply with all of the specific objectives of this Decree.

10.    **Covered Store**: Covered Store means a retail store operated and fully owned by

2

Bass Pro at any time prior to the execution of this Decree, except that it does not apply to any Cabela's store in the event that Bass Pro's acquisition of Cabela's Incorporated is completed prior to the Effective Date of this Decree.

11.    **Eligible Claimants:** For purposes of this Decree, an Eligible Claimant (1) is Black or African-American (hereinafter collectively referred to as "Black"), or Hispanic (which may include individuals who identify as more than one race, one of which is Black or Hispanic); (2) applied for a position with Bass Pro at one of its retail stores, and either a) was named in EEOC's Fourth Amended Complaint as a potential hiring claimant, and/or b) applied between February 20, 2007 and April 30, 2010 and was not hired by Bass Pro within one (1) year; (3) submitted a timely Claim Form as required below; and (4) is viewed as an eligible claimant by EEOC; and (5) complied with all requirements, as set forth in this Decree, to be eligible for receipt of a settlement payment from the settlement fund.  An Eligible Claimant also shall include select and known Blacks or Hispanics (which may include individuals who identify as more than one race, as referred above) who applied with Defendants prior to February 20, 2007 and after April 30, 2010, a list of whom the EEOC identifies to Defendants within 15 days of entry of this Decree. Items (3), (4) and (5) above shall apply to this group.  An Eligible Claimant also shall be a person who filed a retaliation claim against Defendants in the relevant time frame and whose claim was considered as part of this lawsuit, and EEOC identifies to Defendants within 15 days of  the entry of this Decree. Items (3), (4) and (5) above also shall apply to this group.   Finally, an Eligible Claimant shall include individuals with pending charges of discrimination outside the relevant time frame covering similar types of claims, who Defendant has identified to EEOC within  thirty (30) days of entry of the Decree, and items (3),(4) and (5) above also shall apply to this group

12.    **Applicant:** refers to a Black or Hispanic individual as to whom the following two

3

criteria are satisfied: (i) the individual submitted a completed written or electronic application for employment at one of Bass Pro's retail stores during the relevant time period for "Eligible Claimants;" and (ii) the individual's application indicates the individual possesses the necessary qualifications for the position(s) applied for.  Applicant shall also refer to persons identified as having applied at the Covered Stores during the relevant time frame by the Claims Administrator as part of its duties but for whom no physical application exists.

## FINDINGS

13.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.      This Court has jurisdiction of the subject matter of this action and of the parties.

b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Bass Pro, the potential Eligible Claimants, and the public interest are adequately protected by this Decree.

c.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and will be in the best interest of the parties, the claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## SCOPE OF THE DECREE

14.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Bass Pro.  The terms of this Decree apply to all retail stores operated and fully owned by Bass Pro as of the approval of this

Decree, except that it shall exclude any stores previously operated by Cabela's Incorporated.

15.    This Decree will apply to all of Bass Pro's retail stores located within the United States.

16.    This Decree will become effective on the date of its preliminary approval by the Court (hereafter "the Effective Date") and will remain in effect until its expiration date, which will be forty-two months after the Effective Date.

17.    Bass Pro, their officers, agents, employees, successors, assigns and all persons acting in concert or participation with them are hereby enjoined from engaging in any employment practice in violation of Title VII that discriminates against applicants on the basis of race (i.e., Black) or national origin (i.e., Hispanic). This Paragraph does not prohibit Bass Pro from complying with the terms of this Decree. Nothing in this Consent Decree shall prevent Bass Pro from using the Decree as a defense to claims brought by individuals who are covered by this Decree.

18.    Bass Pro, its officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or benefited from the relief provided by this Decree.

19.    Defendants, their officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from failing to make, keep, preserve, and retain all applications and related documents, as provided to Defendants, as required by Title VII and its implementing regulations.

5

## **MONETARY RELIEF**

20.     Within forty-five (45) days of the Effective Date, and provided Defendants receive a completed W-9 for the Qualified Settlement Fund and wiring instruction, Defendants will deposit a total of Ten Million, Five Hundred Thousand Dollars ($10,500,000.00) in monetary relief into an interest-bearing Qualified Settlement Fund ("QSF") account to be established and administered by a third-party claims administrator ("Claims Administrator") for purposes of disbursing monetary relief form the QSF to Eligible Claimants. The Claims Administrator shall be mutually agreed upon by the parties.  Defendants will notify EEOC in writing after they have completed payment into the QSF.

21.     Distributions from the QSF to Eligible Claimants will be made by the Claims Administrator in accordance with instructions from EEOC and the claims process outlined in this Decree. Defendants will not participate or have a role in determining eligibility for monetary payments or the amounts of those awards, except as otherwise provided herein, to the extent that Defendant waives any untimely receipt of a release and/or completed tax reporting form(s), as completed by a potential Eligible Claimant.

22.     Defendants' share of all applicable payroll taxes (e.g., FICA) shall be paid for by Bass Pro.

23.     Payment of the Claims Administrator, including any fees and costs, will be made from interest earned on the settlement funds in the QSF. In the event this interest is insufficient to cover these funds and costs, and in the event there are any unallocated funds from the QSF, any unallocated funds will first be paid to the Claims Administrator to cover such funds and costs or used to reimburse Defendants for any amounts advanced to the Claims Administrator.

24.     If there are any additional unallocated funds remaining in the QSF after

6

distribution to all Eligible Claimants, followed by payment of any remaining balance or reimbursement to Defendants for amounts advanced to the Administrator for its costs and fees, the Claims Administrator shall distribute the remainder as a donation by Defendants, as determined by Defendants, to one or more public or not-for-profit organizations that are primarily devoted to education and/or training of minorities, including but not limited to educational institutions, and/or educational scholarships and/or internships for minority students, and/or promoting minorities engaging in the outdoors and/or outdoor activities. Defendants shall propose to EEOC the minority individuals and/or organization(s) to whom the proposed amount(s) in which the remaining balance of the QSF will be paid, the list of potential organizations which is which will be provided to EEOC within six (6) months of the Effective Date of the Decree, and the EEOC shall not unreasonably withhold approval of such recommended amounts paid to minority applicants and/or organizations, as applicable. In no event shall there be any reversion of any part of the settlement funds to Bass Pro or to the EEOC.

## CLAIMS ADMINISTRATOR

25.    As referenced above, Defendants and EEOC will mutually agree upon a claims administrator to perform the duties under this Decree.

26.    No later than forty-five (45) days of the Effective Date, Defendants shall engage the Claims Administrator to commence its duties in accordance with this Decree and instructions described herein. If the Claims Administrator cannot perform its duties in a proficient manner or at reasonable cost, Defendants will recommend an alternative Claims Administrator, and approval by the EEOC will not unreasonably be withheld.

27.    The Claims Administrator shall: (1) mail notices and forms related to identification of potential eligible claimants, settlement, claims forms and claims notices; (2) receive claim forms; (3) transmit notification of monetary awards; (4) issue checks to Eligible

Claimants from the Settlement Fund; (5) issue related tax documents; and (6) perform such other administrative tasks as it may deem necessary to facilitate the claims process, which may include:

a)   Assisting in locating potential Eligible Claimants, as described herein;

b)   Corresponding with potential and actual Eligible Claimants;

c)   Receiving and processing telephone and written inquiries from potential and actual Eligible Claimants;

d)   Determining, calculating, maintaining and making payments from the QSF;

e)   Creating, tracking and maintaining data regarding potential and actual Eligible Claimants and payments made from the QSF;

f)   Reviewing and evaluating information received from potential and actual Eligible Claimants;

g)   Engaging in outreach to potential Eligible Claimants by advertising in local publications and/or social media; and

h)   Performing other duties set forth in this Decree and as the EEOC and Defendants reasonably determine are necessary to administer the Decree.

28.   The Claims Administrator shall prepare and file all appropriate tax filings and reports, including but not limited to tax returns required to be filed by the QSF and W-2 and 1099 forms for all payments from the QSF. The Claims Administrator shall pay any taxes owed by the QSF from funds held by the QSF.

## CLAIMS PROCESS

29.   **Development of Applicant Database and Mailing to Assist in Identifying Potential Eligible Claimants.** Within **sixty (60)** calendar days of entry of the Decree: (1) EEOC shall provide the Claims Administrator with the names and addresses of all potential Eligible

8

Claimants and any applications in its possession covering potential Eligible Claimants; and (2) Bass Pro counsel shall forward any applications in its possession covering potential Eligible Claimants. During a six (6) month period following entry of the Decree, Bass Pro also shall engage in good faith efforts to locate and produce applications completed by applicants during the applicable time period for potential Eligible Claimants, and such applications also shall be forwarded to the Claims Administrator and EEOC.

Based on the information received from EEOC and Bass Pro, the Claims Administrator shall prepare an excel list of all known applicants during the applicable time period, which shall include the name, address, telephone number, date of application, as well as any EEO status or available email address included as part of any application form. To provide the best notice practicable, before any mailing to such individuals, the Claims Administrator will run the list of all potential Eligible Claimants through the United States Postal Service's National Change of Address database ("NCOA"). The Claims Administrator shall engage in good faith efforts to complete the database within nine (9) months after entry of the Decree, which shall then be forwarded to EEOC for review and approval.  Assuming approval by EEOC, within ninety (90) days of approval by EEOC, the Claims Administrator shall send out a Notice, attached hereto as **Exhibit A**, to all such former applicants, except as otherwise limited by the EEOC, which shall request all Black and Hispanic applicants to self-identify and confirm that they applied for employment at Bass Pro during the applicable time period  Such self-identification shall be made by such individuals completing and returning a self-addressed return postcard (included as part of Exhibit A) to the Claims Administrator, which includes such self-identification and the potential Eligible Claimant's name, address, telephone number and e-mail address (if available).

In the limited circumstances where applications cannot be located and/or where only a limited number of applications are retrieved for the applicable time period for a Covered Store,

additional appropriate outreach will be engaged in by the EEOC and/or the Claims Administrator to identify applicants who may be potential Eligible Claimants, which may include advertisements in local newspapers and/or social media. Any proposed advertisements to assist in such outreach will be reviewed with Bass Pro prior to being finalized. Any individuals who self-identify as applicants for the relevant time period based on such outreach will be required to complete and return a questionnaire, which is included herein as part of **Exhibit B**, and such questionnaire will be required to be completed and returned no later than sixty (60) days after being sent to each such individuals by the Claims Administrator in order for such individual to be considered as a potential Eligible Claimant. A copy of all completed questionnaires shall be forwarded to EEOC, which shall make a final determination whether such individuals shall be included on the list of Eligible Claimants. Such questionnaires received by the Claims Administrator shall be treated as confidential by EEOC, except that such Claim Forms may be submitted confidentially to the Court, if requested by the Court.

Based on responses to the self-identification notice (Exhibit A) and the independent outreach based Exhibit B, and input from EEOC, the Claims Administrator shall update the Excel list in order to develop a final proposed list of potential Eligible Claimants, which shall include the applicable contact information and shall be limited to Black or Hispanic applicants (including applicants of two or more races, one of which is Black or Hispanic). Thereafter, within ninety (90) days of receipt of such list of potential Eligible Claimants, EEOC shall determine the final list of potential Eligible Claimants, and notify the Claims Administrator and Bass Pro's legal counsel of all potential Eligible Claimants.

30.     **Determination of Claims**. Within ninety (90) days of receipt of the updated list of potential Eligible Claimants, EEOC shall make a final determination of potential Eligible Claimants and the amount to be paid to each Eligible Claimant ("Determination of Claims"), and

10

Bass Pro shall be notified of the amount to be paid to each Eligible Claimant. The Determination as to the amount received by any Eligible Claimant is within the sole discretion of the EEOC.

31.    **Notification of Award.**  Within **sixty (60)** days after receiving the final approved list of potential Eligible Claimants from EEOC, the Claims Administrator shall notify each Eligible Claimant via U.S. First Class Mail of the amount of his/her potential monetary payment, as determined by EEOC, based on a letter attached hereto as **Exhibit C.**

32.    **Release of Claims.**  Along with the Notification of Award, the Claims Administrator shall mail to each Eligible Claimant a Release (a copy of which is attached hereto as **Exhibit D**), and all applicable tax reporting forms.  Each Eligible Claimant will be notified that in order to receive monetary payments under this Decree, he or she must complete, sign and deliver to the Claims Administrator a Release and the applicable tax reporting form(s).  The letter will inform each Eligible Claimant that such Release must be signed, not altered in any manner, and mailed to the Claims Administrator so that it is received by the Claims Administrator within sixty (60) days of the mailing of the Notification of Award and obligate the Eligible Claimant to notify the Claims Administrator of any future changes of address for payment.  Any potential Eligible Claimant whose executed Release and completed tax reporting form(s) are not received by the Claims Administrator within sixty (60) days of the mailing of the Notification of Award shall be ineligible for and forever barred from receiving any relief under this Decree, except that the Claims Administrator shall engage in outreach with any potential Eligible Claimant who timely responded, but returned a deficient release and/or tax reporting form(s) and provide an additional thirty (30) days to properly complete and return such forms. Any further exception to the untimely receipt of the release and/or any required tax reporting form(s) must be mutually agreed upon by EEOC and Defendants, through legal counsel. Within **thirty (30)** days after the deadline for returning the completed release and tax reporting forms, the Claims Administrator

11

shall provide EEOC and Defendants' legal counsel with the list of all individuals who timely responded.

33.     **Returned Notification of Award.** If envelopes from the mailing of the Notification of Award are returned with forwarding addresses, the Claims Administrator will re-mail the Notification of Award to the new address within three (3) business days.   If no forwarding address has been provided, the Claims Administrator will promptly notify the EEOC, and the EEOC may attempt to obtain updated address information.   If the EEOC provides new addresses to the Claims Administrator, the Claims Administrator will re-mail Claim Packages with **five (5)** business days of receipt of the new address.   If a postal address is not available but an email address is available, the Claims Administrator may use email as a substitute.

34.     **Late Claims.** For claims received after the filing deadline, the Claims Administrator shall notify the late-filing individuals that their claims are untimely and that they are not eligible for any monetary award. The checks will be valid for one-hundred and twenty (120) days from the date of the check and thereafter will be viewed as stale and void.

35.     **Distribution of Settlement Fund.** The Claims Administrator shall issue checks to each Eligible Claimant within **thirty (30)** days of the date of receipt of a properly completed and signed release and properly completed and signed required tax reporting form(s), as determined by the Claims Administrator.   The Claims Administrator will consult with EEOC and Defendants' counsel prior to making any final determination that the documents received by a potential Eligible Claimant are deficient.

36.     **Returned or Uncashed Checks.** The Claims Administrator shall promptly notify EEOC and Bass Pro in writing of any checks that are returned or are not cashed after a period of ninety (90) days has elapsed from the date on which the settlement checks were mailed. In the event that any Eligible Claimant's check is undeliverable or uncashed, and the EEOC determines

12

that the Eligible Claimant cannot be located (hereafter referred to as a "missing Eligible Claimant"), the missing Eligible Claimant shall receive no payments under the Decree.  In the event that any portion of the Settlement Fund has been allocated to a missing Eligible Claimant, and therefore cannot be distributed to the claimant, one hundred fifty (150) days after the checks were originally mailed, in the discretion of the EEOC, the balance of the Settlement Fund shall become part of the unallocated balance and the funds shall be distributed per the terms of paragraph 24 of this decree.

37.    **Claims of Deceased Persons.** Monetary payments will be made on behalf of deceased claimants through representatives of their estate or next of kin if the EEOC determines that appropriate documentation (e.g., letters testamentary or the equivalent) has been provided. Any sums paid to a deceased claimant shall be made payable to the estate of the deceased claimant, or if no estate exists, to the decedent's next of kin, assuming all legal requirements are met prior to such payment.

38.    **Tax treatment.** Seventy-five percent (75%) of the amounts distributed from the settlement funds to Eligible Claimants  constitute "compensatory damages," under the  Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Twenty-five percent (25%) shall constitute back pay from which the employee's share of payroll taxes shall be withheld.  All payroll taxes shall be paid from the QSF. The Claims Administrator will issue applicable forms W-2 and 1099 based on the year in which such funds are paid to an applicable Eligible Claimant, reflecting the payments made to each claimant from the Settlement Fund.

## RECRUITING, HIRING AND OUTREACH EFFORTS

39.    Bass Pro shall engage in good faith efforts to increase diversity in its workforce by conducting recruitment activities toward qualified Black and Hispanic applicants. . In pursuit of this endeavor, Bass Pro shall engage in the following activities:

a.    Reaching out to colleges, universities, community colleges, and/or technical schools with a significant minority population to post job openings for applicable positions. Bass Pro will make good faith efforts to identify such educational institutions, and the EEOC also will assist in identifying such educational institutions.

b.    Participating in select job fairs held at communities with large populations of color within 25 miles of a store.

c.    Posting job openings in publications historically popular among Black and Hispanic communities.

d.    Posting job openings in publications popular among Hispanic or immigrant communities.

e.    Posting job openings in publications that circulate in Spanish and/or websites directed toward the Hispanic community, but doing so does not in any way require Bass Pro to hire applicants who do not have native proficiency in the English language.

f.    Developing a diversity and inclusion section in Bass Pro's website discussing job opportunities and inclusion efforts.

40.    Bass Pro will engage in good faith outreach activities to recruit and hire qualified non-White (which includes Black and Hispanic) applicants for its retail stores consistent with their availability in the qualified work force and will make a good faith effort to achieve parity in the hiring rates of qualified White and qualified non-White applicants in the applicant pool for available positions at its stores during the term of this Decree.

41.    Bass Pro shall include a description of its outreach and hiring efforts in its semi-

annual report to the EEOC, as referred to in paragraph 51 of the Decree, and shall provide such documents to the EEOC, upon request.

## HIRING PROCEDURES

42.     Within one-hundred and eighty (180) days of entry of this decree, Bass Pro shall have in place a written, systematic, predetermined hiring procedure that is disclosed to all applicants to ensure that applicants are evaluated based upon their qualifications and interest in open positions and not on race or national origin.

43.     Within one-hundred and eighty (180) days of entry of this decree, Bass Pro shall have in place written job-related hiring criteria which expressly prohibit hiring decisions based on race or national origin.

44.     Within one-hundred and eighty (180) days of entry of this decree, Bass Pro shall develop and implement a clearly described complaint process to be incorporated into Bass Pro's employment application that informs applicants of an internal complaint procedure to address any failure to hire claim.

45.     Bass Pro shall include a description of such changes in its semi-annual report to the EEOC, as referred to in paragraph 51 of the Decree, and shall provide such documents to the EEOC upon request.

## POSTING OF NOTICES

46.     Within thirty (30) days following entry of this Decree, Bass Pro shall post a same-sized copy of the Notice attached as **Exhibit E** to this Decree in a conspicuous location easily accessible to and commonly frequented by applicants for employment, and also for employees at each Covered Store or in such other manner reasonably designed to be seen or received by such individuals.

15

47.     The Notices shall remain posted for the duration of the Decree. Bass Pro shall ensure that the postings are not altered, defaced or covered by any other material.

48.     Bass Pro shall certify to EEOC in writing within forty-five (45) days after entry of this Decree that the copies of the Notices have been properly posted and identify the locations of the postings.

## RECORD KEEPING

49.     For the duration of the Decree, Bass Pro shall maintain and shall make available for review, inspection and copying by the EEOC documents that show Bass Pro's compliance with the terms of this Decree.

50.     Bass Pro shall make all documents or records that show Bass Pro's compliance with the terms of this Decree available for inspection and copying within thirty (30) calendar days after the EEOC so requests.

## REPORTING

51.     Six (6) months after entry of this Decree, and at six (6) month intervals thereafter for the duration of the Decree, Bass Pro shall provide Semi-Annual Reports to the EEOC. Bass Pro's final Semi-Annual Report shall be due thirty (30) days before the expiration of the Decree. Bass Pro's Semi-Annual Reports shall summarize Bass Pro's good faith efforts to comply with the terms of this Decree. The reporting shall cover all aspects of this Decree, with specific emphasis on Defendant's hiring rates on a store-by-store basis for the Covered Stores as noted in paragraph 40 and distribution of monies, training, and EEO policies. Bass Pro shall maintain the documents relied on to prepare any reports on hiring  data, which will be made available to the EEOC within thirty (30) days of such request following receipt of a semi-annual report. This Decree shall not be viewed as modifying in any manner Bass Pro's legal obligations independent

16

of this decree, including its requirement to file EEO-1 Reports in accordance with Federal law and any applicable rules or regulations.

## POLICIES AGAINST DISCRIMINATION

52.     Within one-hundred eighty (180) days of the date of the entry of this Decree, Bass Pro shall review their policies against discrimination and retaliation and revise them, if necessary, so that such policies include, at minimum, the following:

a.   A prohibition against race discrimination, including examples of actions that are prohibited;

b.   A prohibition against national origin discrimination, including examples of actions that are prohibited;

c.   A prohibition against retaliation for complaining about race discrimination or harassment;

d.   A provision that employees can complain of race discrimination, harassment, or retaliation to multiple sources within Bass Pro, including human resources; and that any supervisory or management employee who receives a complaint of race and national origin discrimination, harassment, or retaliation must report the complaint to human resources;

e.   A provision that employees are not required to complain of race or national origin discrimination, harassment, or retaliation to a person against whom they allege discrimination, harassment, or retaliation;

f.   A provision that managers who receive a complaint of race or national origin discrimination, racial harassment or retaliation, or who witness or otherwise become aware of race discrimination, racial harassment or

17

retaliation, must report the conduct to Human Resources;

g.     A provision that an employee found to have engaged in race or national origin discrimination or harassment, will be subject to discipline, up to and including termination;

h.     A provision that Bass Pro will protect the confidentiality of discrimination, harassment, and retaliation complaints to the extent possible;

i.     A provision that employees who complain of race discrimination, race or national origin harassment or retaliation or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including termination;

j.     A provision that, promptly upon the conclusion of its investigation of a complaint, Bass Pro will communicate to the complaining party that the investigation has been concluded and that corrective action has been taken, where appropriate;

k.     Bass Pro shall notify all employees of such policies within one-hundred eighty (180) of this Decree, and such policies shall be distributed to and/or made available for review by all employees;

l.     Bass Pro shall make its anti-discrimination and anti-retaliation policies available to new hires upon hire; and

m.     Bass Pro shall consider the establishment of an 800 number to report complaints of discrimination and/or harassment.

53.     Bass Pro shall describe its compliance with paragraph 51 in its semi-annual report to the EEOC, and upon request shall provide the EEOC with copies of such documents.

## TRAINING

54.     During the term of this Decree, Bass Pro shall provide annual training for all non-management employees regarding Title VII's prohibition on discrimination based on race and national origin, (including, without limitation, discrimination in hiring, racial harassment, and other terms and condition of employment) and retaliation.

55.     All managers, human resources professionals, or employees who work at any of the Bass Pro Covered Stores and/or who have any responsibility for hiring at any of the Covered Stores (including by having input into or deciding which applicants to interview or hire, interviewing applicants, or making hiring decisions) or for enforcing Bass Pro's policy against discrimination and retaliation will participate in a separate session for such employees designed to cover their responsibilities under Title VII (hereafter, "management training session").

56.     All training required by this Section shall be conducted by an outside trainer paid for by Bass Pro and approved by EEOC. The first annual training shall take place within ninety (90) days after Bass Pro has issued its employment policies as required in this Decree.

57.     Bass Pro shall obtain approval from the EEOC of their proposed trainer prior such individual conducting a training session, but the EEOC shall not unreasonably withhold its approval of such sessions. Bass Pro shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least (30) calendar days prior to the proposed commencement date(s) of the training(s). The EEOC shall have seven (7) days from the date of receipt of the information described above to accept or reject the proposed trainer and/or proposal.  In the event the EEOC does not approve Bass Pro's designated trainer or proposal, Bass Pro shall have twenty-one (21) days to identify an alternate trainer and/or provide a new training proposal. The EEOC shall have fourteen (14) business days from the date of receipt of the information described above to accept or reject the alternate trainer and/or proposal.  If the

19

parties cannot through this process agree on a trainer or training proposal, then they may seek the Court's assistance to resolve any impasse. Otherwise, based on any trainer selected and approved by EEOC, Bass Pro shall ensure that EEOC is provided a copy of the training materials at least ten (10) days in advance of the applicable training session.

58.     The EEOC shall not unreasonably refuse approval of the trainer chosen by Bass Pro.

59.     Bass Pro shall certify to the EEOC, in writing, in its semi-annual reports regarding each management training sessions that has taken place, including the date, location (i.e. applicable retail store), duration of such management training session, and the number of participants in such training. Bass Pro also shall maintain records of such training, which includes a copy of the registry of attendance, which shall made available to the EEOC, upon request, within sixty (60) days of providing a semi-annual report

60.     Bass Pro also shall certify to the EEOC, in writing, in its semi-annual reports any training sessions for non-management employees that has taken place, including the date, location (i.e., applicable retail store), duration of such non-management training sessions, and the number of participants in such training. Bass Pro also shall maintain records of such training, which includes a copy of the registry of attendance, which shall made available to the EEOC, upon request, within sixty (60) days of providing a semi-annual report

## NEWLY CREATED OFFICE OF DIVERSITY AND INCLUSION AND APPOINTMENT OF DIVERSITY DIRECTOR

61.     Bass Pro will create an Office of Diversity and Inclusion that will be tasked with implementing and executing this Decree.

62.     Bass Pro will create a position for a "Director of Diversity and Inclusion," hereafter the "Diversity Director," who will be tasked with leading the Office of Diversity and

Inclusion and with overseeing the company's compliance with this agreement, as well as with ensuring accuracy of the company's reporting.

63.     The Diversity Director will be appointed within four (4) months of the effective date of this Decree, will be elevated to the role of Human Resources Director, and will report to the Human Resources Vice President.

64.     The Diversity Director can be either selected from Bass Pro's current employees or hired from outside the company.

65.     The Diversity Director will be a qualified EEO professional.  A "qualified EEO professional" is a person with at least five (5) years of professional work experience in the areas of Human Resources and/or Equal Employment Opportunity, and a four-year college degree and/or at least 120 hours of course work and/or training in the areas of Human Resources and/or Equal Employment Opportunity.

## DISPUTE RESOLUTION

66.     Any party may raise concerns arising from this decree and the parties agree to meet and /or confer regarding such disputes and/or concerns.  Further, in the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance in writing (either via letter or e-mail) and shall afford the alleged non-complying party thirty (30) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non- complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within thirty (30) business days, the complaining party may apply to the Court for appropriate relief, which may include modification of this Decree. This Decree is only enforceable by the EEOC.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

67.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of forty-two (42) months immediately following entry of the Decree.

## MISCELLANEOUS PROVISIONS

68.     The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Bass Pro.  It is hereby established that Bass Pro and any successor(s) of Bass Pro, shall provide a copy of this Decree to any organization or person who proposes (in writing) to acquire or merge with Bass Pro, or any successor of Bass Pro, prior to the effectiveness of any such acquisition or merger.  This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

69.     Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

70.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect. When this Decree requires notifications, reports, and communications to the Parties, they shall be made in writing and hand-delivered, mailed, e-mailed, or faxed to the following persons:

For EEOC:

Bass Pro Settlement Attn: Timothy M. Bowne
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, TX 77002
Facsimile: (713) 651-7995
timothy.bowne@eeoc.gov

For the Bass Pro Defendants:

Any party may change such persons or addresses by written notice to the other party, setting forth a different individual or address for this purpose.

Agreed to in form and content

By: _____

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**RUDY L. SUSTAITA**
Regional Attorney

**TIMOTHY M. BOWNE**
Senior Trial Attorney

**BASS PRO OUTDOOR WORLD, LLC**

By: _____
Group Vice President & General Counsel

Date: July 21, 2017

**TRACKER MARINE RETAIL, LLC**

By: _____
Group Vice President & General Counsel

Date: July 21, 2017

So **ORDERED AND SIGNED** this 21st day of _____ July _____, 2017.

_____
**KEITH P. ELLISON**
**UNITED STATE DISTRICT JUDGE**

## **EXHIBIT A**

### CLAIMS ADMINISTRATOR LETTERHEAD

[Insert Name and Address]

Dear _____

We have been retained by the Equal Employment Opportunity Commission (EEOC) and Bass Pro Outdoor World, LLC to engage in outreach to identify certain applicants who applied for employment at Bass Pro between February 20, 2007 and April 30, 2010

It is our understanding that you applied for employment at one of Bass Pro's retail operations between February 20, 2007 and April 30, 2010.  Assuming that you did apply at Bass Pro during this time period, the EEOC may determine that you are to be included as a part of a class to receive a monetary award. Please complete and return the attached response card if you are African-American or Hispanic and applied for employment at Bass Pro during the above-referenced time period.  There has not been any finding that Bass Pro engaged in discrimination, but as part of Bass Pro's equal employment opportunity efforts, the EEOC and Bass Pro agreed to resolve a matter as part of collaborative efforts to further strengthen Bass Pro's hiring practices.

If you have any questions regarding this matter, please direct your questions to *[insert applicable telephone number]* or via email at *[insert applicable email address]*.  Please allow five business days for us to respond to your inquiry.

Sincerely,

*[insert applicable contact person*

**Bass Pro Outdoor World, Inc.**

Name:_____          Email Address:_____

Address:_____Telephone Number :_____

_____

Please complete and return this notice, if applicable:

____ I am African American/Black and I applied for employment at a Bass Pro retail store between  February 20, 2007 and April 30, 2010

__ I am Hispanic, and I applied for employment at a Bass Pro retail store between February 20, 2007 and April 30, 2010.

_____          **Place Stamp Here**

_____**Address of CLAIMS ADMINISTRATOR Administration**

**EXHIBIT B**

**CLAIMS ADMINISTRATOR LETTERHEAD**

[DATE]

Dear Mr./Ms. (Last Name):

We have been retained by the Equal Employment Opportunity Commission (EEOC) and Bass Pro Outdoor World, LLC to engage in outreach to identify certain applicants who applied for employment at Bass Pro between February 20, 2007 and April 30, 2010

It is our understanding that you said you  applied for employment at one of Bass Pro's retail operations between February 20, 2007 and April 30, 2010. *Assuming that you did apply at Bass Pro during this time period, the EEOC may determine that you are to be included as a part of a class of African American/Black and Hispanic applicants to receive money obtained by the EEOC through a Settlement Agreement negotiated with Bass Pro.* There has not been any finding that Bass Pro engaged in discrimination, but as part of Bass Pro's equal employment opportunity efforts, the EEOC and Bass Pro agreed to resolve a matter as part of collaborative efforts further strengthen Bass Pro's hiring practices.

In order to be considered for potential inclusion in this settlement, please complete and return the attached questionnaire in the self-addressed envelope by _____, 2017.  Upon receipt of your completed form, the EEOC may be in touch with you requesting additional information.

If you have any questions regarding this matter, please direct your questions to *[insert applicable telephone number]* or via email at *[insert applicable email address]*.  Please allow five business days for us to respond to your inquiry.

Sincerely,

*[insert applicable contact person*

**CLAIMS ADMINISTRATOR LETTERHEAD**

**EEOC v. BASS PRO OUTDOOR WORLD, LLC**
**QUESTIONNAIRE FOR POTENTIAL ELIGIBLE CLAIMANT**

Name and Address:

_____

_____

| Telephone contact numbers: |
| --- |
| Home:_____Hours_____ |
| Work:_____Hours:_____ |
| Cell:_____Hours:_____ |
| Email Address:_____ |

Please respond to the following:

1.     Did you apply for work at a Bass Pro Retail Store?

2.     If yes, please indicate:

- At what Bass Pro location(s) did you apply? _____
- Did you apply for employment between February 20, 2007 and April 30,, 2010?
  \_\_Yes\_\_\_No If you responded "yes," on approximately what date(s) did you apply?
  _____
- Were you personally interviewed for a position? _____
- What position(s)? _____
- Do you recall the person(s) you interviewed with?
- Any additional details?_____
  _____

3.     Have you ever been employed by Bass Pro? _____. If so, please include your
dates of employment._____

4.     Please identify your EEO status: (check as applicable)

\_\_\_ White (Non-Hispanic)
\_\_\_ Black
\_\_\_ Hispanic
\_\_\_ Two or More Races, Including African American or Hispanic
\_\_\_ Other

I hereby declare, under penalty of perjury, that the foregoing information is true and correct.

_____     Date: _____
(Signature)

**EXHIBIT C– Letter from Claims Administrator**

[Date]


Dear Mr./Ms. (Last Name):

We have been retained by the Equal Employment Opportunity Commission (EEOC) and Bass Pro Outdoor World, LLC to process claims based on a settlement of a lawsuit.

Based on a court settlement with Bass Pro Outdoor World, LLC, the EEOC has determined that you are eligible to participate in a settlement based on your application for employment at Bass Pro Outdoor World, LLC between February 20, 2007 and April 30, 2010.[1] Based on the settlement, you are eligible to receive a total gross payment $_____. There will be deductions for state and federal withholding for a portion of the payment, and the remaining portion will be in a lump sum. As a condition for receipt of this payment, you are required to comply with the following: (1) sign and return a copy of the enclosed tax reporting forms and, (2) sign and return the enclosed Release of Claims. The tax reporting forms and Release of Claims must be delivered to [INSERT CLAIMS ADMINISTRATOR] _at _____ no later than _____ **[insert date __ days from the date of this letter]**. For your convenience, enclosed is a self-addressed return envelope.

The payment does not constitute an admission by Bass Pro of any violation of any federal discrimination law or any other laws, and Bass Pro affirmatively denies that it any time violated any federal discrimination law or any other laws. The EEOC and Bass Pro have agreed to resolve a recent matter as part of collaborative efforts between the EEOC and Bass Pro to further strengthen Bass Pro's hiring practices. This settlement only applies to African American/Black or Hispanic applicants who applied for employment at one of Bass Pro's retail stores during the above-referenced time period. If you do not meet the requirements for eligibility, please disregard this letter.


If you have any questions regarding this matter, please direct your questions to *[insert applicable telephone number]* or via email at *[insert applicable email address]*. Please allow five business days to respond to your inquiry

Sincerely,


*[insert applicable contact person]*

---

[1] This sentence will be modified based on a specific list of individuals outside this time period who will be included in this settlement.

## **EXHIBIT D – RELEASE OF CLAIMS FORM**

In consideration of the sum of $_____, which I agree is acceptable, based on a Consent Decree entered into between Bass Pro Outdoor World LLC ("Bass Pro" or "Company") and the Equal Employment Opportunity Commission ("EEOC"), I, _____ (print full name), agree to the following terms, as set forth in this Release of Claims Form (herein referred to as "Release"):

1. I understand that based on an agreement between the EEOC and Bass Pro, assuming I comply with the conditions below, I am be eligible to receive the total payment of _____ DOLLARS ($_____) ("Settlement Payment"), less deductions required by law for twenty-five percent (25%) of the payment and a lump sum payment for the remaining seventy-five percent (75%) for such payment. I understand that such payments will be reflected on an Internal Revenue Service Form W-2 and an IRS Form 1099 at the end of the calendar year in which payment is made. Monies reported on an IRS Form 1099 will not be reduced for taxes or other payroll deductions, and I understand that I may owe income taxes on the amounts reported to me on the IRS Form 1099. I understand that the amount received in a lump sum (i.e. the 75% lump sum payment) is attributable to non-economic damages and interest. I further understand that the above referenced Settlement Payment will be forwarded to me by a third party retained by Bass Pro and receipt of the Settlement Payment shall have the same effect as if paid directly by Bass Pro.

2. In exchange for the monetary amount set forth above, I hereby waive, release and forever discharge Bass Pro, and any related entities, and their directors, officers, employees, agents, successors and assigns (collectively referred to as "Company"), of and from any and all actions, causes of action, damages, liabilities, and claims (collectively referred to as "Claims"), arising out of or actionable under Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, based on any claim involving race and/or national origin and/or retaliation as related to employment hiring practices regarding such Claims, which I or my representatives, heirs, executors, administrators or assigns, have or may have which relates in any way to my non-selection for employment at Bass Pro's at any time between February 20, 2007 up through the date of this Release[2].

3. I understand that the payment of the Settlement Payment is not an admission of wrongdoing of any kind by the Company.

4. I affirm that the only consideration for signing this Release are the terms set forth above and that no other promises or assurances of any kind have been made to me by the Company, the EEOC and/or any other entity or person as an inducement for me to sign the Release. I acknowledge that I fully understand the terms of this Release as it has been written, as well as the legal and binding effect of this Release, as described above, and that if I am concerned about how the process described in this Release or the waiver of claims

---

[2] This sentence shall be modified for any individuals expressly included in this settlement, who did not apply for employment and/or worked at Bass Pro during this time period.

provision described above applies to me, I may contact my own advisors for appropriate legal advice.

5. I acknowledge and agree that Bass Pro has made no representations or warranties or promises of any kind or nature regarding the tax consequences of any amounts received by me pursuant to the Agreement or this Release. I agree to pay federal or state taxes, if any, which are required by law to be paid by me with respect to the Settlement Payment, except as to those deductions withheld by Bass Pro from the wage portion of the Settlement Payment.

6. I declare that I have carefully read this Release and that I fully understand the extent and importance of its provisions. I affirm that I am fully competent to execute this Release, that I have had a full opportunity to consider and understand its terms and to consult with my own advisors, and that I have decided to voluntarily, and of my own free will, to sign this Release.

7. I understand in order to be eligible for receipt of the above referenced payment, the Company must receive this signed Release and completed tax reporting forms, attached to the letter accompanying this Release of Claims Form, no later than _____ [insert applicable date per Consent Decree] and the failure to return the signed Release and accompanying completed tax reporting forms, on a timely basis will result in not being entitled to receipt of the payment described above.

_____       _____
Signature                                           Date

## EXHIBIT E –NOTICE TO EMPLOYEES

On July __, 2017, Bass Pro Outdoor World, LLC and the Equal Employment Opportunity Commission entered into an agreement to strengthen Bass Pro's diversity efforts. This Notice is to remind all Bass Pro employees of their rights and responsibilities.

**Unlawful Discrimination or Harassment.** Under federal law, it is unlawful for an employer to discriminate or engage in harassment based on race, color, religion, sex, national origin, disability or age (40 or over). This means that a supervisor or manager cannot make decisions about hiring, promotion, pay or other conditions of employment, based on race, color, religion, sex, national origin, disability or age (40 or over).

**Unlawful Retaliation.** It also is unlawful to discriminate, harass or retaliate against any individual who reports or complains about what he or she believes to be unlawful discrimination based on race, color, religion, sex, national origin, disability or age (40 or over).

**Reporting Improper Conduct.** If you are aware of any events, conduct, or information, which you believe may indicate some improper discrimination, harassment or retaliation, it is very important that you report the information so the necessary steps may be taken to investigate, identify, and promptly remedy any problems. You may report such improper conduct to any of the following:

- Reporting to Bass Pro: Within the Bass Pro organization, you make may such a report to the store's Human Resources representative, the store's General Manager or to the corporate Human Resources Department. By reporting a problem to Bass Pro, you do not waive any rights to file a charge of discrimination with the EEOC, or your state agency.

- Reporting to the U.S. Equal Employment Opportunity Commission: The EEOC is responsible for enforcing federal laws prohibiting discrimination in the workplace. You may contact directly contact the local EEOC office or toll free at 1-800-669-4000 and the EEOC will forward basic information about a charge to the EEOC field office in your area. For more information about discrimination and how to file a charge with the EEOC, go to www.eeoc.gov

THIS IS AN OFFICIAL NOTICE AND MAY NOT BE DEFAMED BY ANYONE

This Notice must remain posted and may not be altered, defaced and/or covered by any other material. Any questions concerning this notice and/or compliance with its terms may be directed to the EEOC's Houston District Office at the address and telephone number listed above.